# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

DONNA LOU CARRIER-TAL,
        Appellant,

      v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
DC-1221-12-0642-P-1

DATE: February 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Donna Lou Carrier-Tal, Yorktown, Virginia, pro se.

Linda D. Taylor, Savannah, Georgia, for the agency.

Thomas X. McHugh, Esquire, Pittsburgh, Pennsylvania, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the damages initial decision, which awarded her $713.15 and 30 hours of sick leave as consequential damages. For the reasons discussed below, we GRANT the appellant's petition for review.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Except as expressly MODIFIED by this Final Order to increase the amount of leave restored and to award copying and printing costs, we AFFIRM the initial decision. We ORDER the agency to pay the appellant a total of $856.59 and restore a total of 192 hours of leave in consequential damages.

## BACKGROUND

¶2 In July 2012, the appellant filed an individual right of action appeal, alleging that her November 23, 2011 letter of reprimand was the result of whistleblower retaliation. *Carrier-Tal v. Department of the Army*, MSPB Docket No. DC-1221-12-0642-W-1, Initial Appeal File (IAF), Tab 1. The administrative judge dismissed the appeal for lack of jurisdiction, but the Board granted the appellant's petition for review and remanded the case for a hearing on the merits. IAF, Tab 17, Initial Decision (ID); *Carrier-Tal v. Department of the Army*, MSPB Docket No. DC-1221-12-0642-W-1, Remand Order (Sept. 13, 2013).

¶3 On remand, the administrative judge granted the appellant's request for corrective action. *Carrier-Tal v. Department of the Army*, MSPB Docket No. DC-1221-12-0642-B-1, Remand File (RF), Tab 52, Remand Initial Decision (RID). She found that the appellant met her burden of proving that her protected activity was a contributing factor in the agency's letter of reprimand and the agency failed to meet its burden of proving that it would have taken the same action in the absence of her protected activity. RID at 5-18.

¶4 The agency filed a petition for review of the remand initial decision, but there were only two Board members at the time and they could not agree on an outcome. *Carrier-Tal v. Department of the Army*, MSPB Docket No. DC-1221-12-0642-B-1, Order (Jan. 6, 2017). Accordingly, the remand initial decision granting the appellant's request for corrective action became the Board's final decision.

¶5 In March 2017, the appellant filed a motion for damages. *Carrier-Tal v. Department of the Army*, MSPB Docket No. DC-1221-12-0642-P-1, Damages File

(DF), Tab 1. In sum, she requested consequential and compensatory damages totaling approximately $1,000,000. DF, Tab 1 at 17, Tab 3 at 7. The administrative judge granted the request, in part. DF, Tab 14, Damages Initial Decision (DID) at 2-14. She ordered the agency to pay consequential damages in the amount of $713.15 and restore 30 hours of sick leave. DID at 15.

¶6      The appellant has filed a petition for review of the damages initial decision. *Carrier-Tal v. Department of the Army*, MSPB Docket No. DC-1221-12-0642-P-1, Damages Petition for Review (DPFR) File, Tab 1. The agency has filed a response and the appellant has replied. DPFR File, Tabs 5, 9.

## ANALYSIS

<u>The administrative judge properly recognized that the appellant is not entitled to compensatory damages.</u>

¶7      The appellant argues that the administrative judge erred in altogether denying her request for compensatory damages. DPFR File, Tab 1 at 6. We disagree. The instant motion for damages concerns the appellant's November 2011 reprimand. *Supra*, ¶ 2. At that time, the Board had the authority to award consequential damages to an appellant in whistleblower cases. *See King v. Department of the Air Force*, 119 M.S.P.R. 663, ¶ 11 (2013) (discussing the Whistleblower Protection Act (WPA)). Although Congress later provided for compensatory as well as consequential damages in whistleblower cases, the Board has concluded that this expansion of consequential damages for past events does not apply retroactively. *Id.*, ¶¶ 15-18 (discussing the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, (WPEA), and 5 U.S.C. § 1221(g)(1)(A)(ii)).

¶8      The appellant suggests that the administrative judge summarily dismissed damages that the appellant labeled as compensatory, without considering the underlying substance of those damages. DPFR File, Tab 1 at 6, 8. However, this argument is not supported by the record. The administrative judge did explain that compensatory damages are not permissible in this appeal. DID at 2.

Nevertheless, she went on to consider the appellant's alleged damages, individually, to determine whether they were recoverable. For example, the appellant requested a total of $975,000 for lost professional opportunities, pain, and suffering. DF, Tab 1 at 12-16. The administrative judge explicitly considered the request and found it not recoverable. DID at 14 (citing *Bohac v. Department of Agriculture*, 239 F.3d 1334, 1343 (Fed. Cir. 2001) (explaining that the "consequential damages" provision of the relevant statute, 5 U.S.C. § 1221(g), was "limited to reimbursement of out-of-pocket costs")). Accordingly, the appellant's suggestion that the administrative judge altogether dismissed some of her damages requests based on their labeling, rather than their substance, is incorrect.

The administrative judge erred in calculating the amount of leave the agency must restore to the appellant.

¶9 As the prevailing party, the appellant is entitled to "back pay and related benefits, medical costs incurred, travel expenses, and any other reasonable and foreseeable consequential [damages]." 5 U.S.C. § 1221(g)(1)(A)(ii); *King v. Department of the Air Force*, 122 M.S.P.R. 531, ¶ 7 (2015). Those damages are limited to out-of-pocket costs and do not include nonpecuniary damages. *King*, 122 M.S.P.R. 531, ¶ 7. The phrase "any other reasonable and foreseeable consequential [damages]" covers only items similar in nature to the specific items listed in the statute, i.e., back pay and related benefits, medical costs incurred, and travel expenses. *Id.* The Board has explained that, to receive a consequential damages award, an appellant must prove that she incurred consequential damages and that her claimed damages were reasonable, foreseeable, and causally related to the agency's prohibited personnel practice. *Id.*

¶10 Among the appellant's requests for damages was a request that the agency restore 396.25 hours of leave in the years following the November 23, 2011 reprimand, up to and including 2016. DF, Tab 1 at 10-12, 37. The administrative judge correctly recognized that sick leave used as a result of an agency's

whistleblower reprisal is a recoverable consequential damage as a medical cost incurred under section 1221(g)(1)(A). DID at 12-13 (referring to *King*, 122 M.S.P.R. 531, ¶ 13). She further found that other leave would similarly be recoverable if the appellant could prove that it was taken in lieu of sick leave. DID at 13. On review, the appellant does not appear to dispute this standard. She does, however, argue that the administrative judge erred in calculating the appropriate amount of leave the agency should restore. DPFR File, Tab 1 at 13-16. We agree.

*November 23, 2011—January 11, 2012*

¶11 The appellant's evidence in support of her request for restored leave includes a December 5, 2011 letter from her psychologist, dated just days after the retaliatory reprimand of November 23, 2011. DF, Tab 1 at 23. In that letter, the appellant's psychologist recommended that the appellant be relieved of her work responsibilities for 30 days. *Id*. He attributed this to "mental confusion, anxiety, and posttraumatic stress related symptoms due to ongoing work related stress." *Id*. The same psychologist provided an update on January 4, 2012, recommending further medical leave, while describing the underlying cause of the appellant's continued symptoms as related to work incidents in which she felt she had been discriminated against. *Id*. at 24-25. The next update, from a different psychologist, concurred that the appellant had required medical leave for work-related symptoms "following a period of intense conflict at work" including "retaliatory actions and a written reprimand." *Id*. at 26. However, based on a January 11, 2012 follow-up, that psychologist concluded in a medical note dated February 27, 2014, that the appellant's condition had improved enough for her to return to work full-time. *Id*. He went on to describe the appellant as being able to work without disruption since January 2012, despite her continued symptoms and treatment. *Id*.

¶12 In addition to the medical evidence described above, the appellant created a table of her leave during the relevant period. *Id*. at 37. According to that table,

the appellant used 192 hours of leave during the pay periods spanning her November 23, 2011 reprimand and her recovery on January 11, 2012. *Id*. Those calculations are supported by accompanying leave records. *Id*. at 70-71.

¶13    The administrative judge considered the first medical record, and its recommendation of 30 *days* of leave, but she then concluded that the appellant should be credited with 30 *hours* of leave. DID at 13. It appears that this may have been a typographical error. The administrative judge provided no explanation for why it would be appropriate to grant 30 hours of leave despite her psychologist recommending 30 days of leave. Accordingly, we modify the initial decision to find that the agency must restore the 192 hours of leave the appellant used between November 23, 2011, and January 11, 2012.

*January 29, 2012—July 28, 2012, and 2013—2016*

¶14    In addition to requesting restoration of leave for the period immediately following her written reprimand, the appellant also requested that the agency restore 108.25 hours of leave for the period between January 29 and July 28, 2012. DF, Tab 1 at 37. She further requested restoration of another 96 hours for the period between 2013 and 2016. *Id*.

¶15    On review, the appellant correctly observes that the administrative judge failed to substantively address these additional periods. DPFR File, Tab 1 at 14-16; *see* DID at 12-13. However, the appellant has not identified persuasive evidence establishing the cause of this leave. As observed above, although the appellant's prior psychologist recommended a lengthier absence, a different psychologist released her to work, full-time, as of January 11, 2012. DF, Tab 1 at 24-26. We find the second prognosis more persuasive. We further note that the appellant's treating psychologist provided an update in February 2017, in which he described caring for the appellant "with some regularity . . . until August 2014." *Id*. at 27. Yet, he did not mention any required leave during that period.

¶16      It was the appellant's burden to prove not only that she took leave after January 11, 2012, but also that the leave was reasonable, foreseeable, and causally related to the agency's prohibited personnel practice. We find that the appellant has failed to do so.

The administrative judge erred in denying the appellant's requested copying and printing costs.

¶17      The appellant's request for damages included $143.44 in copying and printing costs. DR, Tab 1 at 11-12. To support that request, the appellant created a spreadsheet detailing the 1,304 pages associated with her appeal, beginning with her December 2011 OSC complaint and ending with a January 2017 certificate of service from the Board. *Id*. at 33-35. The appellant estimated the cost of those pages as 11 cents each, or $143.44. *Id*. at 35. The administrative judge denied the appellant's request for these alleged costs because the appellant failed to attach receipts showing that they were actually incurred. DID at 13-14.

¶18      On review, the appellant reasserts her alleged copying and printing costs. DPFR File, Tab 1 at 16-18. She acknowledges that the record did not contain receipts to corroborate those costs, but argues that she nevertheless proved them through her own sworn statements. *Id*. at 16. We agree.

¶19      The Board has found that the costs associated with photocopying are recoverable under 5 U.S.C. § 1221(g)(1). *Smit v. Department of the Treasury*, 61 M.S.P.R. 612, 623-24 (1994). In addition to the table described above, the record does include a sworn statement in which the appellant asserts that she incurred printing and copying damages and those costs totaled $143.44. DF, Tab 3 at 6. Based on that sworn statement and the absence of any contrary evidence, we modify the damages initial decision to find that the agency must reimburse the appellant for the reasonable copying and printing costs of $143.44.

<u>The appellant has failed to establish any other error in the administrative judge's findings regarding damages.</u>

*Medical costs*

¶20    The appellant requested $4,846.82 for medical visits and another $2,465.49 for medications.  DF, Tab 1 at 6-8, 12, 29-30, Tab 3 at 7.  The administrative judge found that the appellant was only entitled to $230.  DID at 3-6, 8-9.  She explained that while the record reflected a number of medical visits or treatments, $230 worth of co-pays were the only documented out-of-pocket costs to the appellant.  DID at 5-6.

¶21    On review, the appellant asserts that she is entitled to the entire cost of her medical appointments, not just her co-pays.[2]  DPFR File, Tab 1 at 18-19.  We disagree.  The appellant is entitled to actual monetary losses or out-of-pocket expenses.  *King*, [122 M.S.P.R. 531](#), ¶ 7.  Costs paid by her insurer do not qualify as recoverable consequential damages.  *Id.*, ¶ 14.  The appellant also asserts that the administrative judge erred by allowing reimbursement for treatment associated with one psychologist, but not her other medical providers.  DPFR File, Tab 1 at 19-21.  Again, we disagree.  As the administrative judge explained, even if these other visits were attributable to the agency's prohibited personnel practice, the appellant failed to present evidence of her resulting out-of-pocket costs.  DID at 6.  For example, while the appellant submitted numerous statements from her insurer, she redacted fields that would have shown her out-of-pocket costs, if there were any, leaving only the total cost of the visit.  *E.g.*, DF, Tab 1 at 50.

¶22    Regarding her alleged medical costs, the appellant next argues that she should be reimbursed for her gym membership and a number of massages.  DPFR File, Tab 1 at 20.  The administrative judge found that the appellant failed to establish that these were damages that stemmed from the agency's retaliation.

---

[2] The appellant does not appear to challenge the administrative judge's finding that the appellant was not entitled to reimbursement for the cost of medications.  DID at 8-9.

DID at 6.  We agree.  The appellant has not identified persuasive evidence, such as medical documentation showing that these services were attributable to the agency's actions.  *See* DF, Tab 1 at 11, 36, Tab 6 at 10.  The appellant also argues that the administrative judge erred in denying her request for future medical costs.  DPFR File, Tab 1 at 21-23.  However, in doing so, the appellant has generally argued that the administrative judge failed to consider all her evidence pertaining to the mental and physical effects she has suffered.  *Id.*  She has not identified specific evidence in support of these claimed damages.  Accordingly, we find no basis for disturbing the administrative judge's conclusion that the appellant failed to prove her future medical costs.  *See Pastor v. Department of Veterans Affairs*, 94 M.S.P.R. 353, ¶¶ 9, 22-30 (2003) (finding that future medical costs may be a recoverable consequential damage, but the appellant failed to prove such costs with reasonable certainty); *Pastor v. Department of Veterans Affairs*, 87 M.S.P.R. 609, ¶ 17 (2001) (recognizing that consequential damages encompasses future provable expenses, but they cannot be based on conjecture, surmise, or speculation—they must be proven with reasonable certainty).

*Transportation costs*

¶23        Among her request for damages, the appellant alleged $689.36 in transportation costs associated with her medical care.  DF, Tab 1 at 8-9, 29-30.  Using the General Services Administration's mileage rates, the administrative judge found that the appellant met her burden for substantiating a portion of the mileage alleged, totaling $483.15.  DID at 6-8.  On review, the appellant argues that the administrative judge should have awarded her the full mileage costs she alleged.  DPFR File, Tab 1 at 21.  However, the appellant provided no substantive explanation and her mere disagreement does not warrant a different result.  *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (recognizing that mere disagreement with the administrative judge's findings of fact and conclusions of law does not warrant full review by the Board).

*Lost performance awards, quality step increases, and other opportunities*

¶24    The appellant alleged that, if it were not for the agency's retaliatory reprimand, she would have received both a $3,200 performance award and a quality step increase (QSI) valued at more than $18,000. DF, Tab 1 at 9-10, 12. The administrative judge denied these alleged damages. DID at 11-12. She found that the appellant's claim for these damages was, at best, speculative. *Id*. Moreover, the administrative judge found that they were not back pay or a related benefit recoverable under the WPA. *Id*. Although the appellant reasserts these alleged damages on review, DPFR File, Tab 1 at 23-24, we find no basis for disturbing the administrative judge's conclusion. The appellant has not proven that these alleged losses were causally related to the agency's retaliation. *See King*, 122 M.S.P.R. 531, ¶ 7.

¶25    As previously discussed, the appellant also alleged $375,000 in lost career opportunities, as well as another $550,000 in pain and suffering. DF, Tab 1 at 12-16. The administrative judge found that these types of damages were not recoverable under the WPA. DID at 14. On review, the appellant first argues that these types of damages are recoverable under the WPA, based upon the clarification provided by the WPEA. DPFR File, Tab 1 at 25-27. But as we stated above, the Board has explicitly rejected this interpretation of the WPEA; while the WPEA did provide for compensatory damages, that expansion of legal consequences is not a clarification, retroactive to cases governed by the WPA. *Supra*, ¶ 7. The appellant also argues, in the alternative, that her alleged $375,000 in lost career opportunities is recoverable as a consequential damage. DPFR File, Tab 1 at 27-28. Once more, we disagree. The appellant has merely speculated that if it was not for the agency's retaliatory reprimand, she could have been promoted to a GS-15 and earned an additional $125,000 over 5 years, then she could have moved to private practice and earned an additional $250,000 over 5 years, for a total of $375,000. DF, Tab 1 at 14-15. In essence, the appellant is assigning monetary damages to an alleged injury to her reputation, but our

reviewing court has found that injury to reputation, like pain and suffering, is not recoverable under the WPA. *Bohac*, 239 F.3d at 1336.

<u>The administrative judge did not abuse her discretion by rejecting one of the appellant's pleadings and failing to strike one of the agency's pleadings.</u>

¶26      On review, the appellant alleges that the administrative judge erred by striking one of her initial pleadings from the record and accepting an untimely filed pleading from the agency. DPFR File, Tab 1 at 11-13. Regarding her own pleading, the appellant asserts that she initially filed both a motion for consequential damages and a motion for compensatory damages. *Id*. at 11. According to the appellant, the administrative judge struck the former, "creat[ing] confusion and prejudice." *Id*. However, the appellant has not explained what nonduplicative information or argument was included in that motion, nor has she explained why the motion's exclusion was prejudicial.

¶27      Regarding the agency's untimely pleading, the appellant correctly notes that the acknowledgment order did not provide for the agency to submit a reply brief, but the agency nevertheless submitted one, after the record was scheduled to close. *Compare* DF, Tab 2 at 3, *with* DF, Tab 8. However, it appears that the administrative judge did not rely on that pleading—it is not cited or referred to in the administrative judge's damages initial decision. *See* DID. Moreover, an administrative judge has wide discretion to control the proceedings, including the discretion to accept late-filed submissions that contribute to the development of the record. *E.g.*, *Henry v. U.S. Postal Service*, 100 M.S.P.R. 399, ¶ 7 (2005), *overruled on other grounds by Fernandez v. Department of Justice*, 105 M.S.P.R. 443 (2007). Thus, the appellant's procedural arguments are not persuasive.

## ORDER

¶28      We concur with the administrative judge's decision to grant the appellant's motion for an award of consequential damages, and we ORDER the agency to pay the appellant $856.59 and to restore to her 192 hours of leave. *See Kerr v.*

*National Endowment for the Art*s, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶29    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and to describe the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶30    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision in this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

**NOTICE TO THE APPELLANT
REGARDING YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (U.S.C.), sections 7701(g), 1221(g), 1214(g) or 3330c(b); or 38 U.S.C. § 4324(c)(4). The regulations may be found at 5 C.F.R. §§ 1201.201, 1202.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

# NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: 　　　　　　　　　　/s/ for
　　　　　　　　　　　　　　　　Jennifer Everling
　　　　　　　　　　　　　　　　Acting Clerk of the Board

Washington, D.C.